UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUSTIN ECKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00559-JRS-DLP |
| | ) |
| OCHELTREE Sergeant, | ) |
| NATHAN DUGGAR C/O, | ) |
| WIGAND, | ) |
| AMY WRIGHT, | ) |
| CHANTELL KNEPP, | ) |
| TAYLOR HILL, | ) |
| KELLY LOVELL, | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint, Directing Service of Process, Granting Motion for Jury Trial, Directing Response to Motion for Preliminary Injunction, and Granting Motion to Produce Supporting Evidence**

### I.     Screening Complaint

**A.     Screening Standard**

Plaintiff Austin Eckes is a prisoner currently incarcerated at Wabash Valley Correctional Facility. His complaint relates to events that occurred prior to his incarceration. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

    B.    **The Complaint**

Mr. Eckes names as defendants: (1) Sergeant Ocheltree, (2) Correctional Officer Nathan Duggar, (3) Correctional Officer Wigand, (4) Director of Nursing Amy Wright, (5) Nurse Chantell Knepp, (6) Nurse Taylor Hill, and (7) Nurse Kelly Lovell.

Mr. Eckes alleges he is a mentally ill patient who has been diagnosed with mania II bipolar, cluster 6 personality traits disorder, anti-social disorder, childhood onset disorder, attention deficient hyperactive disorder, serious major depression disorder, conduct disorder, oppositional deficient disorder, impulsive outburst disorder, and other disorders and regularly takes a large number of psychiatric medications. He is known to have disruptive behavior.

Mr. Eckes admits that on October 14, 2018, he was intentionally disruptive as he purposefully flooded the 100 range and covered his door window with his mattress and covered his back window with paper such that no one would be able to see inside of his cell door. At around 11:30pm, an officer from outside asked Mr. Eckes to cuff up a few times, but Mr. Eckes ignored the officer. The officer once again asked Mr. Eckes to cuff up a few times, but Mr. Eckes still ignored the officer. At that point, his food port was opened and oleoresin capsicum (OC) spray (more commonly known as pepper spray) was sprayed into his cell. Mr. Eckes alleges that after a few minutes, the same thing happened with a different officer – Mr. Eckes ignored verbal commands to cuff up and pepper spray was sprayed into his cell. Mr. Eckes alleges that because

he is known to be suicidal, he could have been hanging from the light post on the ceiling or bleeding to his death on the floor, but the officers would not have been able to see or hear him because of how Mr. Eckes blocked his cell. Pepper spray was sprayed into his cell a third time. Afterwards, his food port was opened and an officer hit a blunt object against the mattress. The cycle of the blunt object hitting the mattress and pepper spray being sprayed in the cell continued a few more times, yet Mr. Eckes continued to ignore the officer.

Finally, Mr. Eckes removed his mattress and saw Officer Duggar and Sergeant Ocheltree along with other correctional officials. When Mr. Eckes informed Sergeant Ocheltree he was prepared to cuff up, Officer Duggar instead grabbed Mr. Eckes' jumpsuit and held Mr. Eckes against the foot port while Sergeant Ocheltree sprayed more pepper spray on Mr. Eckes' lower backside. A few minutes later, Mr. Eckes again prepared to cuff up and Officer Duggar pushed Mr. Eckes' butt through the food port while Sergeant Ocheltree again sprayed more pepper spray towards Mr. Eckes. Mr. Eckes then alleges that he went into "protective mode" and refused to follow any orders and began to yell and lash out without provocation.

By 1:30am on October 15, 2018, Sergeant Ocheltree had a cell extraction team at Mr. Eckes' cell. Mr. Eckes was once again asked to cuff up, but he refused to do so. Officer Duggar was the first to enter Mr. Eckes' cell with a shock shield – Mr. Eckes states he was hit pretty hard such that he was thrown three to five feet against the back wall and hit the back of his head against the back wall. Mr. Eckes alleges he lost consciousness, but while going in and out of consciousness could see that Officer Duggar was on top of him applying a shock shield to the right side of Mr. Eckes' body. Four other officers then pulled Mr. Eckes from under Officer Duggar and put shackles on his hands and feet. While he was restrained and no longer resisting, Mr. Eckes alleges Officer Duggar again shocked Mr. Eckes using the shock shield. Officer Duggar also grabbed Mr.

Eckes' right hand and twisted it in a direction to cause a pinched nerve – Mr. Eckes alleges that he lost all feeling in his right hand for several days.

Mr. Eckes believes Officer Duggar was retaliating against Mr. Eckes because Mr. Eckes got Officer Duggar's brother, Officer Seth Duggar, removed from Custody Control Unit (CCU) for unprofessionalism and retaliation against Mr. Eckes and other inmates and because Mr. Eckes filed a lawsuit against Officer Seth Duggar.

Mr. Eckes was thereafter brought to the nurse station and seen by Nurse Lauren Miller. The officers then escorted him to get showered, but Mr. Eckes was forced to take a hot shower even though the manufacturer of pepper spray advises the use of soap and *cold* water to wash away the affected area of chemical agents. He was then escorted back to his cell, but his cell was still coated with pepper spray. He was left in just his boxers, which were still soaked in pepper spray

About an hour later, Officer Duggar and four other officers returned to take photos of Mr. Eckes' injuries. Mr. Eckes asked Officer Wigand for a pair of fresh boxers because Mr. Eckes was having painful burning sensations in his groin and inner leg regions, but his request was denied. Mr. Eckes was then left in a cell with no running water and with pepper spray-soaked boxers for 8 hours until he was finally able to take a shower.

Mr. Eckes alleges that his right hand is permanently injured and numb. His mental condition has deteriorated, and he has become delusional and hallucinatory. He also suffered from a head injury from the shock shield's impact and still suffers from severe migraines.

Mr. Eckes alleges that he has been seen multiple times by the nurses for his injuries, but that they have refused to let him see a doctor. He also has been denied an MRI for his right hand. Nurse Taylor Hill and Nurse Stephanie allegedly told Mr. Eckes to "stop being stupid and you wouldn't have a head injury." Dkt. 2 at 22.

Mr. Eckes also alleges he was improperly cell extracted on October 17 and 18, 2018, after he threw water on Officer Nathan Duggar.  Mr. Eckes thereafter submitted a number of requests for medical, but was denied treatment and denied an MRI.  In some instances, he was not seen in response to his request for medical care.  Nurse Knepp and Hill refused to schedule Mr. Eckes to be seen by a doctor.  Nurse Knepp, Hill and Wright both told Mr. Eckes he was healthy, and they could not see any injuries and could not do anything for him.  Nurse Kelly Lovell allegedly falsified Mr. Eckes' medical records to state that he refused treatment.

Mr. Eckes is seeking "$50.00 from each defendant for punitive damages… as well [as] any relief the courts may deem appropriate."

### C. Discussion of Claims

Mr. Eckes' First Amendment retaliation claim against Correctional Officer Nathan Duggar **shall proceed**.

Mr. Eckes' Eighth Amendment cruel and unusual punishment, including excessive force, claims against Sergeant Ocheltree, Correctional Officer Nathan Duggar, and Correction Officer Wigand **shall proceed.**

Mr. Eckes' Eighth Amendment deliberate indifference claims against Nurse Amy Wright, Nurse Chantell Knepp, Nurse Taylor Hill, and Nurse Kelly Lovell **shall proceed**.

## II. Service of Process

The clerk is **directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by *Fed. R. Civ. P.* 4(d).  Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

### III.     Motion for Jury Trial

Mr. Eckes' motion for jury trial, dkt. [4], is **granted to the extent** that if this action proceeds to trial, the trial will be scheduled as a jury trial.

### IV.     Directing Response to Motion for Preliminary Injunction

Mr. Eckes has filed a motion for preliminary injunction. *See* dkt. 5. The defendants are **directed to file a response to the motion for preliminary injunction contemporaneously** with the filing of their answer or other responsive pleading.

### V.     Motion to Produce Supporting Evidence

Mr. Eckes' motion to consider supporting evidence, dkt. [8], is **granted** to the extent the Court will consider relevant caselaw in the course of these proceedings.

### VI.     Summary of Claims Remaining and Actions Taken

The claims remaining in this case are: the First Amendment retaliation claim against Correctional Officer Nathan Duggar; the Eighth Amendment cruel and unusual punishment claims against Sergeant Ocheltree, Correctional Officer Nathan Duggar, and Correction Officer Wigand; and the Eighth Amendment deliberate indifference claims against Nurse Amy Wright, Nurse Chantell Knepp, Nurse Taylor Hill, and Nurse Kelly Lovell.

The Court has additionally taken or directed the following actions:

(1) The clerk is **directed** to issue process to the defendants consistent with the instructions in Section II;

(2) Mr. Eckes' motion for jury trial, dkt. [4], is **granted.** Mr. Eckes' motion to consider supporting evidence, dkt. [8], is **granted**

(3) The defendants are **directed to file a response to the motion for preliminary injunction contemporaneously** with the filing of their answer or other responsive pleading.

(4) The **clerk is directed** to update Mr. Eckes' address consistent with the distribution below.

**IT IS SO ORDERED.**

Date:   1/18/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AUSTIN ECKES
228699
Westville -CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronic service to the following IDOC employees at Wabash Valley Correctional Facility:

  Sergeant Ocheltree
  C/O Nathan Duggar
  C/O Wigand

Nurse Amy Wright
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN  47838

Nurse Chantell Knepp
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN  47838

Nurse Taylor Hill
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN  47838

Nurse Kelly Lovell
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN  47838

Courtesy Copy to:
   Douglass R. Bitner
   Katz Korin Cunningham, P.C.
   334 North Senate Avenue
   Indianapolis, IN 46204