Exhibit A

dear, Destiny Reve Scott Wells.

Re: 37(a) fed. R. civ. P. (certification)
case: Eckes v. Ocheltree 2:18-cv-00559-JRS-DLP

I am writting to you to receive an understanding in refrence to your response to my motion to produce the following documents on July 10, 2019.

I was astonished when I read the sentence that said:

"please see video of two cell extractions from Oct. 17, 2018 and oct. 18, 2018 this video is being sent to the facility litigation liason, John Hicks, to facilitate access for your viewing. After multipule search attempts by Wabash valley Correctional facility, there is no responsive video of the oct. 15, 2018, cell extraction yet to be located."

I am having trouble understanding why you could find 4 out of 5 video's, and seeing that the only video that you cannot locate is the main video evidence

to support my 42 U.S.C. sec. 1983 civil claim against the defendants that you appear to be representing.

please be advised that if you so happen not to be able to find that video of the oct. 15. 2018 cell extraction that again happens to be the main video footage to support my claim. I have proof showing that all cell extraction video's were saved.

Also please be advised that if I do not receive that video footage of the oct. 15. 2018 cell extraction within 30 days of you responding to this ("certification") under fed. R. civ. P. 37(a) I will be pursuing for a motion to compell under fed. R. civ. P. 37 and also pursue for contempt of court.

once again you have 30 days to respond to this 37(a) certification and produce the unlocated video footage of the oct. 15. 2018. cell

extraction. for that I am aware that you are fully aware that "IDOC" is required to save all video surveillance and have it put in a secured location. and that if it can't be located or found to be used as evidence in a civil case, to support only the plaintiff's and defendant's claims, then plaintiff is awarded judgment in his civil case. I am sure you can find cases that will 100% support what I have just advised you.

Thank you for your time and understanding in this matter at issue.

Respectfully Submitted
Austin Eckles
plaintiff
pro se.

July 22. 2019

Informal Grievance

INDIANA DEPARTMENT OF CORRECTION
REQUEST FOR INTERVIEW

TO: Werdon Brown OFFICE: Werdon's office DATE: 11/12/18

NAME: Austin Eckes DOC#: 228699 DORM: Q101 ASSIGNMENT: ______

Reason for request (be as definite as possible) On 10/14/18, 10/17/18, & 10/18/18 I was cell estracted, ~~I~~ am wanting to know if the vedio's were saved of the incident's caused by c/o's.

---DO NOT WRITE BELOW THIS LINE---

Action: Mr. Eckes, Video is kept.
D Brown

WARDEN'S OFFICE
NOV 14 2018
By: WABASH [illegible] FAC.

State Form #36935 (R/4-91)

26

Ex. 6

Internal Affairs Division

**REPORT OF INVESTIGATION**

**Tuesday, October 23 2018**

**CASE NO: 18-WVC-0162**

**Primary Offense Description**
**Excessive Force**

**Offense Location** C.C.U. / Qhu

**Investigator Name** Jodeana Raney /

**Case Status**

**Date of Offense** 14-OCT-2018

**Referred By**

**Person Completing Rpt** Jodeana Raney /

**Date Rpt Completed** 22-OCT-2018

**Other (secondary) Offenses**

**Physical Evidence** *N* **Evidence Disp Facility** *N* **Evidence Disp Agency** *N*

**Other Facility Referred To** **Referred By**

**Narrative** Offender Austin Eckes #228699 called the WVCF Tips Line and stated he wanted to report Excess Force by staff and PREA on 10/14/18.

I did review the video of the date in question and did not see any evidence that excessive force was used on Offender Eckes. They asked him seven (7) times to submit to the application of mechanical restraints and he continued to refuse. The QRT Team was utilized to gain compliance so mechanical restraints could be applied. The allegation of PREA according to Offender Eckes was because someone brushed his "butt" during the extraction, which is considered Incidental Contact is not a PREA issue. The video has been saved to the Internal Affairs directory in the Video (Use of Force) section.

I interviewed Offender A. Eckes #228699 on October 16, 2018. He admitted that he put his mattress in front of his door and that when staff told him to remove the mattress that he refused to answer them. I asked him why he didn't cuff up like they asked him to do and he said, "Because they were going to take all my property and I refuse to let them do that". Offender Eckes stated that he will continue to act up and throw feces on staff until he is transferred. I tried to explain to him that he was going about it the wrong way and all he wanted to do was argue, he has a very poor attitude and is not willing to listen to anyone. I told him that staff asked him seven times to cuff up and that the entire incident lasted about 1 ½ hours and that they gave him several chances to end the situation. I also tried to explain to him that because staff brushed his buttocks does not mean that it is a PREA issue and again all he wanted to do was argue. He stated that every chance he gets that he is going to throw feces and urine on staff. Offender Eckes did not have any visible injuries.

Exhibit GG.1