UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUSTIN ECKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00559-JRS-DLP |
| | ) |
| OCHELTREE, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING ACTION WITH PREJUDICE AS SANCTION
FOR PLAINTIFF'S ABUSE OF JUDICIAL PROCESS, RESOLVING PENDING
MOTIONS, AND DIRECTING ENTRY OF FINAL JUDGMENT**

On September 27, 2019, the Court ordered Plaintiff Austin Eckes to show cause why he should not be sanctioned for misconduct. *See* dkt. 119. Having considered the matter and Mr. Eckes' response, the Court has determined that sanctions are warranted and that this action must be dismissed with prejudice. In this Order, the Court also resolves the motions that remain pending and directs the Clerk to enter final judgment.

**I. Sanction for Abuse of Judicial Process**

On September 25, 2019, defense counsel alerted the Court to correspondence its office received from Mr. Eckes. Dkt. 117. This correspondence prompted the Court's show-cause order.

**A.    Mr. Eckes' Letters**

On September 10, the Office of the Indiana Attorney General received a letter from Mr. Eckes addressed to Deputy Attorney General Destiny Wells, who was then defense counsel of record. Dkt. 117-1. Mr. Eckes made the nature of his letter clear from the opening sentence: "This letter is a under the table offer and your clients are not to be notified of" it. *Id.* at 1. The letter next

requests Ms. Wells' cooperation in arranging a settlement favorable to Mr. Eckes—and offers to pay her for her efforts:

> I am willing to offer you a great sum of $ if you have your clients settle out.
>
> I will give you two choices:
>
> 1) I will give you $10,000.00 of $75,000.00
>
> or
>
> 2) I will give you $20,000.00 of $100,000.00
>
> to settle out.

*Id.* The letter closes with Mr. Eckes' signature. *Id.*

Mr. Eckes then followed up with a second letter dated August 29, 2019, and proposed settlement agreements. Dkt. 17-2. Mr. Eckes instructed Ms. Wells to sign two agreements—one to settle the case for $100,000, and a second to accept her personal cut of $20,000. *Id.* at 1. The letter stated that, once Ms. Wells accepted the first agreement to settle the case, he would "send the courts the side agreement between" them and send Ms. Wells her share. *Id.* This letter also concludes with Mr. Eckes' signature. *Id.*

The letter is accompanied by two copies each of two settlement agreements. One agreement states that Mr. Eckes agrees to dismiss the action upon payment of $100,000 by the defendants. *See id.* at 3–7, 13–17. The other states that Mr. Eckes agrees to pay Ms. Wells $20,000 for her work to obtain the settlement. *Id.* at 8, 18. The documents are accompanied by a statement from a notary confirming that Mr. Eckes executed the instruments. *Id.* at 9–10, 19–20.

**B.     Mr. Eckes' Response**

Mr. Eckes states in response to the Court's show-cause order that he "sent an offer to the defendants and their attorney on good cause." Dkt. 122 at ¶ 1. He adds that he "did not knowingly or intentionally try to bribe the [defendants'] attorney." *Id.* Finally, he states that the notary printed

the settlement documents outside his presence and that he did not proofread them before mailing them to defense counsel. *Id.* at ¶¶ 3–4. He appears to suggest that he drafted the documents to reflect that he would pay the defendants' attorneys' fees in the amount of $20,000, and that the notary altered the agreements without his knowledge. *See id.* at ¶¶ 2, 5. Mr. Eckes' response does not dispute that he drafted the two handwritten letters that defense counsel received.

**C.     Legal Standard**

"District courts 'possess certain inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear tire & Rubber v. Haeger*, --- U.S. ---, 137 S. Ct. 1178, 1186 (2017)). "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enterprise Recovery Sys.*, 579 F.3d 787, 793 (7th Cir. 2009).

Exercising that authority and selecting an appropriate sanction is a matter within the Court's discretion. *Fuery*, 900 F.3d at 452. The breadth of that discretion is illustrated by the range of sanctions that have been approved, including sanctioning attorneys, vacating judgments obtained by fraud on the court, and barring disruptive litigants from the courtroom. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991). "Though 'particularly severe,' the sanction of dismissal is within the court's discretion." *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008) (quoting *Chambers*, 501 U.S. at 45).

**D.     Analysis**

Mr. Eckes' actions warrant sanctions, and their flagrancy makes dismissal of the action with prejudice an appropriate remedy.

This Court offers an adversarial system for achieving justice. Each party makes its best case at each stage of the litigation, and judges and juries determine what result the law requires.

In this system, attorneys are not independent actors free to pursue personal interests. Rather, they are bound by duties to their clients and to the Court and must prioritize both above personal gain. The ethics rules repeatedly emphasize these obligations. For example:

- "Loyalty and independent judgment are essential elements in the lawyer's relationship to a client." Ind. R. Prof'l Conduct, § 1.7, cmnt. [1].

- "The lawyer's own interests should not be permitted to have an adverse effect on representation of a client." *Id.* at § 1.7, cmnt. [10].

- "The advocate has a duty not to abuse legal procedure." *Id.* at § 3.1, cmnt. [1].

- "A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal." *Id.* at § 3.3(b).

- "This Rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process." *Id.* at § 3.3, cmnt. [2].

Mr. Eckes attempted to induce Ms. Wells to abandon her most basic duties to her clients and to the Court. She had a duty to pursue whatever resolution of this action most strongly benefitted the defendants. Mr. Eckes instead asked her to convince the defendants to accept a resolution that benefitted him—and offered her personal compensation in exchange for doing so. More concisely, he attempted to pay Ms. Wells to defraud her clients and the Court.

Mr. Eckes' response to the Court's show-cause order presents no reason to find otherwise. The settlement agreements' contents, and whether the notary altered them, are irrelevant. Mr. Eckes does not deny that he drafted the two letters and sent them to Ms. Wells. In those letters, he explicitly offered to pay her thousands of dollars if she convinced her clients to settle the case for a favorable amount.

4

Moreover, the letters make clear that Mr. Eckes knew he was doing something wrong. They transparently call his scheme an "under the table offer" and a "side deal." Dkt. 117-1 at 1; dkt. 117-2 at 1. He told Ms. Wells that she was not to notify her clients of his overtures. Dkt. 117-1. These portions of the letters preclude any notion that Mr. Eckes was attempting in good faith to negotiate a settlement that was agreeable to all parties.

"The instant case represents precisely the situation where one party's conduct so violates the judicial process that imposition of a harsh penalty is appropriate not only to reprimand the offender, but also to deter future parties from trampling upon the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003). Mr. Eckes would have seriously abused this Court's processes if he had, for example, testified falsely or withheld critical evidence in discovery. In doing so, he would have limited the body of evidence that would have been presented to the ultimate trier of fact, but he still would have allowed an unbiased decision-maker to decide the action on the merits. In contrast here, his efforts to bribe defense counsel more profoundly undermined the integrity of this proceeding.

Mr. Eckes attempted to fix the result of the proceeding in his favor. In this sense, his actions come closer to attempting to influence a witness, judge, or juror than to other forms of misconduct. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016) ("Ramirez made a calculated effort to bolster his floundering case by offering payment to a witness to support his allegations of employment discrimination when the witness had, in fact, observed no such discrimination. Dismissing the case with prejudice is an entirely reasonable response to such a deliberate attempt to deceive the court."). His actions eliminate any confidence in the integrity of the proceeding. If the matter were to proceed to a decision on the merits, Mr. Eckes would have additional

opportunities to seek a favorable outcome through illicit means. The Court cannot monitor Mr. Eckes' communications with his adversaries or their attorney.

Accordingly, the Court finds that dismissal with prejudice is a sanction proportional to the gravity of Mr. Eckes' misconduct and that a lesser sanction would not sufficiently ensure the integrity of further proceedings. This action is **dismissed with prejudice**.

## II. Pending Motions

The following motions are **denied as moot** due to the action's dismissal:

- Mr. Eckes' motion asking the Court to hold the defendants in contempt concerning discovery issues, dkt. [103];
- his motion to compel, dkt. [104]; and
- his motion to depose the defendants, dkt. [111].

No further discovery is necessary given the dismissal of the action.

Mr. Eckes' motion to appoint counsel, dkt. [110], is **denied**. Mr. Eckes was competent to litigate this matter himself, at least in terms of responding to the Court's show-cause order. *See Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). To decide this issue, the Court must consider "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). Mr. Eckes had an opportunity to explain his letters to defense counsel. He was better positioned than any attorney to do so. This action is being dismissed because Mr. Eckes' misconduct irreparably undermined the integrity of the proceeding—not because he lacks skill or knowledge as a litigator. Indeed, Mr. Eckes could make an "under the table" offer even if he were represented by counsel.

Mr. Eckes' motion to dismiss the action without prejudice, dkt. [131], is **denied**. At this stage in the litigation, the action may be dismissed without prejudice only "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). For the reasons discussed in Part I(D) above, the Court finds that dismissal with prejudice is the proper resolution of this action. Dismissing this action without prejudice would not adequately account for the seriousness of Mr. Ecke's misconduct or deter similar conduct in the future—by others or by Mr. Eckes himself.

Mr. Eckes' motion requesting information on the status of his motion to dismiss, dkt. [133], is **granted** insofar as the Court has issued this Order.

Mr. Eckes' motions for copies, dkts. [109] and [113], are **granted** insofar as the **clerk is directed** to enclose a copy of the public docket sheet with his copy of this Order. Mr. Eckes may submit updated requests identifying specific documents and why he needs them for his records now that the action is closed.

### III. Conclusion

For the reasons discussed in Part I, this action is **dismissed with prejudice** as a sanction for Mr. Eckes' abuse of the judicial process. Final judgment consistent with this Order shall now issue.

As discussed in Part II:

- Mr. Eckes' motion asking the Court to hold the defendants in contempt concerning discovery issues, dkt. [103], is **denied as moot**.

- His motion to compel, dkt. [104], is **denied as moot**.

- His motion to depose the defendants, dkt. [111], is **denied as moot**.

- His motion to appoint counsel, dkt. [110], is **denied**.

- His motion to dismiss the action without prejudice, dkt. [131], is **denied**.

- His motion requesting information on the status of his motion to dismiss, dkt. [133], is **granted**.

- His motions for copies, dkts. [109] and [113], are **granted**.

**IT IS SO ORDERED.**

Date: 3/16/2020

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

AUSTIN ECKES
228699
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Diana Lynn Moers
INDIANA ATTORNEY GENERAL
diana.moers@atg.in.gov